UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

THOMAS G. SMITH,

    Plaintiff,
v.                                          Case No. 2014-CV-807

NICHOLAS P. STROIK and
VILLAGE OF ARENA,

    Defendants.

ANSWER OF DEFENDANTS

*ANSWER*

Defendants, by their attorneys, Stafford Rosenbaum LLP, by Meg Vergeront, answers the complaint in this action as follows:

*Introduction*

1.    Answering paragraph 1, admit that plaintiff has brought a claim purporting to be a civil rights action against defendants as specified; deny that defendants violated any such rights, including taking any alleged retaliatory acts against plaintiff.

*Parties*

2.    Answering paragraph 2, deny sufficient information to form a belief as to the truth of the allegations in the first sentence and, accordingly, deny same; admit the remaining allegations.

3.    Answering paragraph 3, admit.

4. Answering paragraph 4, admit that defendant Stroik is a resident of Wisconsin and is employed as police officer by the Village of Arena Police Department; deny that Stroik was acting within the scope of his employment for independent actions he took while off duty; admit that he was acting within the scope of his employment with respect to matters other than the maintenance and monitoring of the Facebook page at issue in this case.

*Jurisdiction and Venue*

5. Answering paragraph 5, admit that Smith has asserted claims under the statutes listed in paragraph 5 and that, based on the claims asserted, this Court has jurisdiction as indicated in paragraph 5.

6. Answering paragraph 6, admit.

7. Answering paragraph 7, admit.

*Background*

8. Answering paragraph 8, admit that defendant Stroik and others were looking for individuals suspected to be involved in a burglary; admit that the officers eventually arrested the suspects; deny the remaining allegations as described.

9. Answering paragraph 9, deny that the Arena Police Department has an officially sanctioned Facebook page and therefore deny that defendant Stroik posted anything on such a Facebook page.

10. Answering paragraph 10, deny that the Arena Police Department has an officially sanctioned Facebook page and therefore deny that any individuals posted anything on such a Facebook page.

11. Answering paragraph 11, deny that the Arena Police Department has an officially sanctioned Facebook page and therefore deny that any individuals posted anything on such a Facebook page.

12. Answering paragraph 12, deny that the Arena Police Department has an officially sanctioned Facebook page and therefore deny that any individuals posted anything on such a Facebook page.

13. Answering paragraph 13, deny that the Arena Police Department has an officially sanctioned Facebook page and therefore deny that any individuals posted anything on such a Facebook page.

14. Answering paragraph 14, deny that the Arena Police Department has an officially sanctioned Facebook page and therefore deny that defendant Stroik took any action with respect to such a Facebook page.

15. Answering paragraph 15, defendant Stroik did believe that plaintiff should be arrested because he had violated the statutory provisions set forth in paragraph 15; deny any remaining allegations.

16. Answering paragraph 16, admit the allegations in the first sentence; deny the allegations in the second sentence as stated.

17. Answering paragraph 17, admit.

18. Answering paragraph 18, admit.

19. Answering paragraph 19, admit.

20. Answering paragraph 20, admit.

21. Answering paragraph 21, admit that Smith appealed his conviction and that the conviction was overturned; deny the characterization of the appellate opinion to extent that the allegations are inconsistent with the content of the opinion.

**Count I: Defendant Stroik**
**Federal ¶ 1983 – Retaliatory Arrest**

22. Answering paragraph 22, reassert defendants answers to paragraphs 1-21 of the complaint, set forth above, as if set forth here.

23. Answering paragraph 23, deny that defendant Stroik was acting under the color of state law "at all relevant times."

24. Answering paragraph 24, deny because the Arena Police Department did not have an officially sanctioned Facebook page and, therefore, any posting made by plaintiff to some other non-governmental Facebook page are not protected by the First Amendment to the United States Constitution; also deny that defendant's actions violated any right of the plaintiff, including any First Amendment rights. Affirmatively allege that if it is determined that the Facebook page at issue here is an official Arena Police Department Facebook page, then defendant Stroik was acting under the color of state law.

25. Answering paragraph 25, deny. *See* answer to paragraph 24.

26. Answering paragraph 26, deny. *See* answer to paragraph 24.

27. Answering paragraph 27, deny that any of defendant Stroik's "actions" were not supported by probable cause to believe that plaintiff had committed a crime.

28. Answering paragraph 28, deny.

29. Answering paragraph 29, deny.

30. Answering paragraph 30, deny

## Count II: Defendant Stroik
## Federal ¶ 1983 Claim – False Arrest

31. Answering paragraph 31, reassert defendants' answers to paragraph 1-30, set forth above, as if fully set forth here.

32. Answering paragraph 32, deny.

33. Answering paragraph 33, deny.

34. Answering paragraph 34, deny.

## County III: Defendant Stroik
## Federal ¶ 1983 Claim – Retaliatory Inducement to Prosecute

35. Answering paragraph 35, reassert defendants' answers to paragraphs 1-34, set forth above, as if fully set forth here.

36. Answering paragraph 36, deny.

37. Answering paragraph 37, deny.

38. Answering paragraph 38, deny.

39. Answering paragraph 39, deny.

40. Answering paragraph 40, deny.

41. Answering paragraph 41, deny.

42. Answering paragraph 42, deny.

## Count IV: Defendant Village of Arena
## Federal ¶ 1983 Claim – Unconstitutional Policy

43. Answering paragraph 43, reassert defendants' answers to paragraphs 1-42, set forth above, as if fully set forth here.

44. Answering paragraph 44, deny.

45. Answering paragraph 45, deny that the Village of Arena Police Department had an officially sanctioned Facebook page and, therefore, deny the allegations in paragraph 45.

46. Answering paragraph 46, admit to the extent the allegations are consistent with the actual operation of Facebook.

47. Answering paragraph 47, admit to the extent the allegations are consistent with the actual operation of Facebook.

48. Answering paragraph 48, deny.

49. Answering paragraph 49, deny.

50. Answering paragraph 50, deny.

51. Answering paragraph 51, deny.

52. Answering paragraph 52, deny.

53. Answering paragraph 53, deny.

## Count V: Defendant Village of Arena
## a State Claim – Indemnification

54. Answering paragraph 54, reassert defendants' answers to paragraphs 1-53, set forth above, as if fully set forth here.

55. Answering paragraph 55, deny that any actions taken by defendant Stroik with respect to any Facebook page were taken when he was carrying out his duties as an employee of the Village of Arena; admit as to any remaining actions defendant Stroik is alleged to have taken. Affirmatively allege that if any Facebook page at issue in this case is determined to be a Facebook page sponsored or authorized by the Village Police Department, then defendant Stroik was carrying out his duties as an employee of the Village when taking any action with respect to such Facebook page.

56. Answering paragraph 56, deny that any actions taken by defendant Stroik with respect to any Facebook page were with his scope of employment with the Village of Arena; admit as to any remaining actions defendant Stroik is alleged to have taken. Affirmatively allege that if any Facebook page at issue in this case is determined to be a Facebook page sponsored or authorized by the Village Police Department, then defendant Stroik's actions with respect to such Facebook page were within the scope of his employment.

57. Answering paragraph 57, deny that defendant Village of Arena is required to pay any judgment against defendant Stroik for any actions taken by defendant Stroik with respect to any Facebook page unless it is determined that Stroik's actions were taken while carrying out his duties as an employee of the Village; admit the remaining allegations; deny any remaining allegations.

58. Deny that plaintiff is entitled to judgment or relief against the defendants, as set forth on page 11 of the complaint, or any other type of relief, for any reason.

L:\DOCS\019028\000253\PLEAD\35U8321.DOCX
0121151305

7

59. Deny each and every alleged fact in the complaint not specifically admitted in this answer.

*AFFIRMATIVE DEFENSES*

Defendants assert the following affirmative defenses:

1. Plaintiff has failed to state a claim upon which relief can be granted against any and/or all defendants.

2. Plaintiff may have failed to mitigate his damages.

3. Plaintiff's claims are barred under the doctrine of qualified immunity.

4. The defendants enjoy all the immunities, privileges and limitations on actions afforded by common law and state and federal constitutions, statutes and regulations and local laws and regulations.

5. The damages of which plaintiff complains may be caused by his acts, omissions or negligence or the acts, omissions or negligence of third parties who the defendants did not control.

6. Plaintiff's posting was not and is not protected by the First Amendment.

7. Plaintiff is not entitled to punitive damages as to either defendant.

8. The defendant City did not act with deliberate indifference to the rights of its citizens.

WHEREFORE, defendants demand judgment dismissing the complaint against them with prejudice, together with the costs, disbursements and attorneys' fees which they incur in the defense of this action and which are allowed by law.

Dated: January 21, 2015.

By /s/ Meg Vergeront
Meg Vergeront
222 West Washington Avenue, Suite 900
P.O. Box 1784
Madison, Wisconsin 53701-1784
Email: mvergeront@staffordlaw.com
608.256.0226
Attorneys for Defendants